J. S69029/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KALVIN WILLIAMS, | : | No. 362 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 12, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004791-2014

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED FEBRUARY 03, 2016**

Kalvin Williams appeals the January 12, 2015 judgment of sentence resulting from his convictions for DUI:  controlled substance or metabolite first offense.[1]  We affirm.

The trial court provided the following facts and procedural history:

> This case was originally tried in Philadelphia Municipal Court.  Prior to the municipal court trial, Appellant moved to Suppress Physical Evidence.  At the suppression hearing, Appellant argued that he was stopped, seized, and searched without reasonable suspicion or probable cause and as a result of that, anything that he said, any physical evidence, any observations of him, should be suppressed as fruit of the poisonous tree.  Appellant sought to preclude the admission of the officer's observations of his physical appearance and smell emitting from his vehicle, as well as the results of the seizure analysis and blood tests that were taken.

---
[1] 75 Pa.C.S.A. § 3802(d)(1).

The evidence presented at the Suppression Hearing established that on July 29, 2011 a DUI checkpoint was set up at 401 E. Allegheny Avenue because statistics gathered and used by the police department showed that from 2007 to 2009 this location was number one in the City of Philadelphia for DUI incidents. In response to the vast number of DUI incidents, on July 29, 2011, neon signs measuring approximately six feet by eight feet were erected on Allegheny Avenue, alerting civilians of the upcoming checkpoint. If a driver wanted to avoid the checkpoint, they had the option to turn North on Third Street or North on Fifth Street without repercussion.

At approximately 11:00 p.m., Police Officer John Zirilli and his partner, Officer Jeffrey Hannan, while working the checkpoint, observed Appellant drive his maroon 1999 Nissan Ultima [sic] up to the checkpoint and stop when told to stop. Officer Zirilli, who was posted on the driver's side of the vehicle, had a brief conversation with Appellant. Officer Zirilli noticed that the Appellant had blood shot eyes, smelled of marijuana (like burnt marijuana on his clothing), and saw what he thought was a burnt blunt in the ashtray. Officer Zirilli testified that [he] knew Appellant was under the influence of marijuana because when he was asked to step out of his vehicle, Officer Zirilli observed Appellant to have a sway (unsteady balance) to his walk. Officer Zirilli had made approximately several hundred DUI arrests in the past and was familiar with the smell of marijuana. He is SFST certified and A-ROD, recognition of drugs and alcohol certifi[ed].

Police Officer Jeffrey Hannan testified that he was on the passenger side of the vehicles stopped at the checkpoint. Officer Zirilli signaled to him that he was taking Appellant out of his vehicle for a field sobriety test so Officer Hannan moved around to the driver's side of the vehicle to park the vehicle. Officer Hannan smelled marijuana in the vehicle as he was parking it. Once he parked the vehicle, he

went over to where Appellant was and administered three tests: (1) a "walk and turn" test which Appellant failed, (2) a "one-leg stand" test which Appellant failed, and (3) a "horizontal gage and stagger" test which he also failed.

In summary, the Suppression Court found [] the testimony of the police officers credible. In light of the testimony presented, the DUI checkpoint complied with the necessary procedural requirements to render it constitutional. Moreover, there was reasonable suspicion to conduct a field sobriety test when the officer smelled burnt marijuana and observed Appellant's bloodshot eyes.

The Suppression Court denied the Motion to Suppress. Thereafter, on December 20, 2013, Appellant proceeded to trial before the Honorable James DeLeon and was found guilty of DUI. On April 24, 2014, Appellant was sentenced to a term of 72 hours to six (6) months of incarceration and a consecutive six month term of probation. Appellant filed an appeal in the Court of Common Pleas seeking a trial **de novo** . . . .

Trial court opinion, amended 6/10/15 at 2-4.

A waiver trial was conducted before this court on November 11, 2014. At the conclusion of trial, the Defendant was found guilty of DUI: Controlled Substance or Metabolite 1st Offense. He was found not guilty of DUI: Controlled Substance Impaired Ability - 1st Offense. Prior to sentencing, a Court Reporting Network (CRN) Evaluation was ordered.

On January 12, 2015, the Defendant was sentenced to a mandatory 72 hours followed by a concurrent term of six (6) months of probation. The Defendant filed a Notice of Appeal that same day. Post-sentence motions were not filed. On February 18, 201[5], after receiving the notes of testimony, a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) was ordered by this court. A Statement of Errors Complained of

- 3 -

> on Appeal was filed on March 11, 2015. Counsel also filed a request for an extension of time to supplement the statement due to missing notes of testimony.
>
> On March 30, 2015, this court granted counsel's request and a second Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. Rule 1925(b) was ordered. A Supplemental Statement of Errors Complained of on Appeal was filed on behalf of the Defendant on April 13, 2015.

*Id.* at 1-2.

Appellant raises the following issue for our review:

> Should not the evidence against appellant have been suppressed where appellant was illegally stopped at a DUI checkpoint that did not comply with constitutional standards because neither the specific location nor the time selected for the checkpoint was supported by any data on DUI related arrests or accidents at that location, and the location was not chosen because it was likely to be traveled by intoxicated drivers?

Appellant's brief at 3.

Appellant's sole issue for our review addresses the validity of the DUI checkpoint established by the Philadelphia Police, and whether any evidence gathered as a result of that checkpoint should be suppressed. The Commonwealth avers that the issue is waived because appellant failed to litigate the issue before the trial court. (**See** Commonwealth's brief at 6-7.) We agree with the Commonwealth and find that appellant has waived the issue for appeal.

The Pennsylvania Rules of Appellate Procedure state the following:

> **(a) General rule.** Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.

Pa.R.A.P. 302(a). The Rules also require an appellant to state in his or her statement of the case, "[t]he state of the proceedings in the court of first instance . . . at which, and in the manner at which, the questions sought to be reviewed were raised." Pa.R.A.P. 2117(c)(1). **See also** Pa.R.A.P. 2119(e) (requiring the same be included in the argument section of an appellant's brief either directly or by cross-reference to the statement of the case). This court has held that failure to comply with these rules will result in the waiver of an appellant's issue. **Commonwealth v. Williams**, 980 A.2d 667, 671 (Pa.Super. 2009), **appeal denied**, 990 A.2d 730 (Pa. 2010).

Here, much like the defendant in **Williams**, appellant has failed to include in his statement of the case a citation to the record indicating where his issue was first raised in the trial court below. Appellant only refers to the fact that a motion to suppress was heard before the Honorable Joyce Eubanks of the Philadelphia Municipal Court. (Appellant's brief at 4.) Moreover, appellant did not raise the validity of the DUI checkpoint as an issue during the suppression hearing. A review of the suppression hearing transcript indicates that appellant's motion to suppress evidence was limited to whether, "pursuant to the Pennsylvania Constitution, [appellant] was stopped and seized and searched without reasonable suspicion or probable

cause." (Notes of testimony, 5/7/13 at 4.) A review of the trial transcript also indicates that appellant failed to question the validity of the DUI checkpoint at trial.

Therefore, we find that appellant's issue for appeal is waived. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2016